## Gray v. Metropolitan Life Insurance Co.

*S. Richard Klinges III,* for plaintiff.
*C.J. Lyford,* for defendant.

RUFE, *J.*, July 1, 1992—Defendant, Metropolitan Life Insurance Co., has moved this court for summary judgment. Plaintiff, Bonnie J. Gray, is seeking to recover accidental-death benefits on the life of William R. Carroll. After thorough consideration of the memoranda of counsel and the record, we are compelled to grant summary judgment for Metropolitan.

Briefly, the unusual facts of this case are as follows. Bonnie Gray and William Carroll were living together at the time of Mr. Carroll's death. Mr. Carroll was insured under a group insurance plan at his place of employment for accidental death or dismemberment. Ms. Gray was his named beneficiary. Unfortunately, Mr. Carroll met his death at the hands of Ms. Gray; he was fatally stabbed by Ms. Gray during an altercation between the two. Ms. Gray was tried for murder but acquitted on the basis that she acted in self-defense in repelling his attack. Ms. Gray now would like to collect the $20,000 accidental-death benefit as provided by the Metropolitan policy at his job. However, the policy in question contains an exclusion that the death benefit will not be paid if the insured died while "committing or trying to commit a felony or other serious crime or an assault." (Plan Booklet, Exhibit "F" to motion for summary judgment.)

Ms. Gray now faces a dilemma. She successfully argued in her criminal trial that she was justified in stabbing Mr. Carroll because of his attack upon her; he woke her up, tackled her when she tried to escape the bedroom, wrestled with her and attempted to strangle her. Even after she ran into the kitchen and brandished a knife Mr. Carroll continued his assault. Ms. Gray testified that she was afraid he was going to kill her. Now, however,

in order to circumvent the policy exclusion and collect the $20,000, she must somehow try to convince us that the testimony she gave in the murder trial to escape criminal punishment does not quite apply to this civil case. Indeed, since her criminal trial, Ms. Gray has attempted to backpedal from her description of his assault. She has recently given deposition testimony that Mr. Carroll really was not hurting her when they were wrestling; she was just "trying to get away" because Mr. Carroll "wouldn't leave [her] alone." (Deposition of Gray, December 20, 1991, pp. 20, 22.) Plaintiff argues that it is a question of fact for the jury to decide whether Mr. Carroll was committing an assault.

We disagree. We will not permit this plaintiff, who avoided criminal punishment in one proceeding, to now at her convenience alter her version of the events in an attempt to collect $20,000 in death benefits. Plaintiff acknowledges the concept of judicial estoppel, but argues that its exercise is discretionary on our part, and in a moment of candor, "begs" us not to prevent her from changing her testimony. Regardless of whether judicial estoppel is discretionary, we are invoking it here. Thus, there is no question of fact for a jury to ponder because we are estopping plaintiff from altering her trial testimony that she was assaulted by Mr. Carroll.

Further, we do not need to reach the question of whether Mr. Carroll's death was "accidental"; that is, whether he should have known that Ms. Gray could kill him or whether his death was an unintended result of the struggle with the knife. Apparently, some courts have gotten involved in discussions over the forces that control our lives and what constitutes an "accident." Such a dis-

cussion is irrelevant here since it is clear that Mr. Carroll's death came about during his assault of Ms. Gray. Thus, there are no genuine issues of material fact, and because Mr. Carroll died while committing an assault, the policy exclusion prevents the death benefit from being paid out.

We therefore enter the following

## ORDER

And now, July 1, 1992, upon consideration of defendant, Metropolitan Life Insurance Co.'s motion for summary judgment, the response thereto of plaintiff, Bonnie J. Gray, memoranda of counsel, and the record, it is hereby ordered and decreed that the motion is granted. Judgment is entered in favor of Metropolitan Life Insurance Co.